# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH NEWBURN, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:20-cv-00470 |
| DOLLAR GENERAL CORPORATION; | ) |
| DOLGENCORP, LLC; | ) |
| AMANDA BARRON; | ) Removed from Mobile County Circuit |
| | ) Court, CV-2020- 901299 |
|     Defendants. | ) |

## NOTICE OF REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION:**

COME NOW Defendants, Dollar General Corporation, Dolgencorp. LLC, and Amanda Barron (hereinafter collectively "Defendants"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action filed by Plaintiff, Deborah Newburn, in the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. In support of this Notice Defendants show the following:

### A. PROCEDURAL BACKGROUND

1. This is a premises liability case in which Plaintiff alleges that the Defendants owned, operated or managed a Dollar General store and negligently or wantonly allowed a hazardous condition to exist on the premises at the time of Plaintiff's accident. [Ex. B Complaint and record of service]  Plaintiff seeks compensatory and punitive damages, and seeks recovery for pain and suffering, permanent injury, loss of enjoyment of life, loss of earning capacity, lost wages and mental anguish.  [Ex. B]

2. Plaintiff commenced this case on June 15, 2020 in the Circuit Court of Mobile County, Alabama, Case No. CV-2020-901299. The documents attached as Exhibit A constitute all of the process and pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

3. Dollar General Corporation was served on June 19, 2020, Dolgencorp, LLC was served on June 18, 2020. Barron was served on June 15, 2020. [Complaint and record of service attached as Ex. B]

4. This Notice of Removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

5. This is an other paper removal. This Notice of Removal is filed within 30 days of receipt of notice to the Defendants of sufficient amount in controversy for removal. 28 U.S.C. § 1446(b).

6. Promptly after the filing of this Notice, Defendants are filing a copy with the Clerk of the Circuit Court of Mobile County, Alabama as required by 28 U.S.C. § 1446(d).

## B. DIVERSITY OF THE PARTIES

7. Upon information and belief, Plaintiff was a citizen of the State of Alabama. [Ex. C, obituary]. Plaintiff is deceased. [Id.; Ex. D, Plaintiff's Responses to Defendant's Requests for Admissions] No representative has been substituted for Plaintiff as of the time of this removal. [Ex. A] However, for purposes of diversity, the representative of Plaintiff's estate shall be deemed to be a citizen only of the same State as the Plaintiff. 28. U.S.C. 1441(c)(2). Therefore, Plaintiff, or her representative, is a citizen of the State of Alabama for diversity purposes.

8. Defendant Dollar General Corporation is a foreign corporation with its principal place of

business in the State of Tennessee and incorporated in the State of Tennessee. [See Affidavit of Millette Milliken attached as Exhibit E[1]] Defendant Dollar General Corporation is a citizen of the State of Tennessee for diversity purposes. 28 U.S.C. §1332(c)(1)

9. Dolgencorp, LLC, is a foreign limited liability company, which has a single member – Dollar General Corporation, a corporation formed under the laws of the State of Tennessee with principal place of business in the state of Tennessee. [Id.] The Eleventh Circuit in *Rolling Greens MHP L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) held that for purposes of diversity jurisdiction, a limited liability company would be attributed to the citizenship of each of its members. Thus, Dolgencorp, LLC is a citizen of the State of Tennessee for diversity purposes.

10. Barron is a citizen of the state of Alabama. [Ex. F, Barron affidavit] However, Barron was not present at the time of the accident, nor was she employed in any capacity DGC at the time of Plaintiff's alleged accident. [Ex. F] Defendant Barron is therefore fraudulently joined and her citizenship is not properly considered for purposes of removal.

11. The existence of "complete diversity" is required under 28 U.S.C. § 1332 for jurisdiction in the federal court system. Complete diversity means that the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994)(*citing Strawbridge v. Curtiss,* 7 U.S. 267 (1806)). Despite this, the Federal Courts, in certain circumstances, have allowed actions to be removed when the joinder of non-diverse parties is deemed to have been "fraudulent": in essence, to defeat federal jurisdiction.

---

[1] Ms. Milliken's affidavit was prepared for another case, but addresses the same corporate defendants named in this case.

*See, e.g., Wilson v. Republic Iron and Steel Co.,* 257 U.S. 92, 97 (1921)(holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983), superseded by statute on other grounds as stated in *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 n.3 (11th Cir. 1989). The filing of an illegitimate claim against a non-diverse defendant is fraudulent joinder, and a district court must disregard the citizenship of such defendants when assessing the existence of "complete diversity." *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979). Fraudulent joinder was created by the judiciary as an exception to the requirement that parties be completely diverse, and allows an action to be removed from state court even when the parties lack complete diversity, if the Plaintiff's joinder of a non-diverse party was fraudulent. *See e.g., Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). Under Eleventh Circuit Precedent, joinder is fraudulent in three (3) situations: (1) when there is no possibility that the plaintiff can prove the cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of a jurisdictional issue; or (3) when a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability <u>and</u> where the claim against the diverse defendant lacks a common question of law or fact. *Id. See also, Coker,* 709 F.2d at 1440; *Tapscott v. MSD Dealer Service Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled is conflicting with prior panel decision on other grounds like Cohen v. Office Depo, Inc.,* 204 F.3d 1069 (11th Cir. 2000). If any of these situations are present, the non-diverse defendant has been fraudulently joined and its citizenship should be ignored for purposes of determining jurisdiction. *Id.*

12. The defendant seeking removal bears the burden of proving fraudulent joinder. *See e.g., Coker,* 709 F.2d at 1440. Any claim of fraudulent joinder must be supported by credible, clear and convincing evidence. *See Parks v. New York Times,* 308 F.2d 474, 478 (5th Cir. 1962). Parties may submit affidavits and deposition transcripts. *Cooker,* 709 F.2d at 1440 (*citing B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).

13. In her Complaint, Plaintiff alleges that Barron negligently and wantonly allowed a dangerous condition to exist on the premises of the store on June 25, 2018. [Ex. B, ¶¶ 1-2]

14.  Plaintiff has failed to state a viable cause of action against Barron. Plaintiff makes premises liability claims of negligence and wantonness against Dollar General Corporation, Dolgencorp, LLC and Barron for allowing a dangerous condition to exist on the premises. [Ex. B] However, Barron was not present in the store on the date in which Plaintiff claims to have been injured, and Barron did not work in any capacity for Dollar General at the time of the accident. [Ex. F] In fact, Barron did not begin working for Dollar General until April, 2020, nearly two years after the accident. [Id.]

15. This Court on a motion to remand in *Kimbrough v. Dial,* addressed Alabama law, stating "an agent of the corporation cannot be held individually liable for a corporation's negligent or wrongful acts unless she contributed to or participated in them." 2006 U.S. Dist. LEXIS 89950, 2006 WL 36271102, at *5 (S.D. Ala. Dec. 8, 2006) (citing *Ex parte McInnis,* 820 So. 2d 795, 798-99 (Ala. 2001)("A corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort."); *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.,* 496 So. 2d 774, 775 (Ala. 1986)("In Alabama, the general rule is that officers are employees of a corporation

are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity.")). *Kimbrough* also addressed whether naming a store manager in a premises liability action defeated diversity of citizenship. This Court, in that case, ultimately remanded the case back to State Circuit Court, finding that a proper claim could be asserted against the manager; however, *Kimbrough* is distinguishable from the instant case as there is no evidence that the Barron was working at the time of the Plaintiff's alleged accident. In fact, she was not even employed at Dollar General at the time of the accident made the basis of this suit.

16. It is clear from Plaintiff's Complaint and Barron's Affidavit, that Barron was not present in the subject store and did not work for DGC on the date of the alleged incident. Because of this, there is no possibility that Plaintiff can prove a cause of action against the purported resident-defendant, Barron, who was fraudulently joined. Thus, pursuant to the authoritative precedent reference above, Barron's citizenship should be ignored by this Court for purpose of determining subject matter jurisdiction.

17. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

18. Because Barron's citizenship should not be considered, there is complete diversity of the parties.

### C. AMOUNT IN CONTROVERSY

19. The amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00 as required by 28 U.S.C. § 1332(a).

20. On August 26, 2020, Defendants received Plaintiff's responses to requests for admission indicating that the amount in controversy in this case exceeds $75,000.00 [Exhibit D]

Therefore, this is an "other paper" removal made pursuant to 28 U.S.C. §1446(c)(3).

21. Plaintiff's Complaint is silent as to amount in controversy. [Exhibit "B"] Regarding removal when the amount in controversy is not apparent from the initial pleading, the Court in *Roe v. Michelin N. Am. Inc.,* 613 F. 3d 1058 (11th Cir. 2010) stated as follows:

   If removability is not apparent from the initial pleading, but is later ascertainable that the case "is or has become removable," removal is governed by the second paragraph of §1446(b). That paragraph states:

   If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…

   *Roe*, 613 F. 3d at 1060. Where a complaint alleges unspecified damages, the removing party bears the burden of establishing the jurisdictional amount by the preponderance of the evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). The Court may rely on its judicial experience and common sense to determine whether a diversity action meets the amount in controversy requirement for diversity jurisdiction. *Roe*, 613 F.3d at 1062. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka,* 608 F.3d at 755.

22. "The Eleventh Circuit has recognized that responses to requests for admissions can constitute "other paper" for purposes of removal." *Simpson v. Primerica Life Ins. Co.*, 2016 U.S. Dist. LEXIS 87885, *7 (M.D. Ala. 2016) ref. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007); *Robinson v. GE Capital Mortg. Servs., Inc.,* 945 F. Supp.

1516, 1518 (M.D. Ala. 1996). *See also*, *Wilson v. General Motors Corp.*, 888 F. 2d 779 (11th Cir. 1989) (The Eleventh Circuit held that Response to Requests for Admissions were "paper from which it [was] first ascertained that the case [was] one which is or has become removable.").

23. This removal is based upon "other paper" from which Defendants first ascertained this case is proper for removal, since the initial pleading in this matter is silent as to the amount in controversy, and is proper under 28 U.S.C. § 1446(b)(3).

24. Based upon the above, the amount in controversy exceeds the minimum jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Musgrove v. Kellogg Brown & Root, LLC*, 2013 U.S. Dis. LEXIS 61161 *13 (S.D. Ala. April 29, 2013).

## D. TIMELINESS

25. The removal is filed within thirty (30) days of the date from which Defendants first became aware the amount in controversy exceeds the jurisdictional requirement and is therefore timely based upon receipt of "other paper" from which it first ascertained this case is proper for removal. 28 U.S.C. § 1446(b)(3).

## CONCLUSION

26. Defendants have satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendants pray the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of

Removal with the Clerk of the Circuit Court of Mobile County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 23rd day of September, 2020.

*/s/ Caroline T. Pryor*
CAROLINE T. PRYOR (PRY005)
ZACHARY R. WEAVER (ASB-7432-A64W)
Attorneys for Defendants

**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
(251) 626-8928 Fax
cpryor@carrallison.com
zweaver@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of September, 2020, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non-CM/ECF participants:

SAMUEL P. MCCLURKIN, IV
LONG & LONG, P.C.
Post Office Box 2746
Mobile, Alabama 36652
mac@longandlong.com

Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130

*/s/ Caroline T. Pryor*
OF COUNSEL