EXHIBIT A

DOCUMENT 2

ELECTRONICALLY FILED
6/15/2020 2:54 PM
02-CV-2020-901299.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN,

     Plaintiff,

v.

DOLLAR GENERAL CORPORATION;
DOLGENCORP, LLC; AMANDA
BARRON; Fictitious parties A,B, and C,
being those persons or entities responsible
for the harms and losses of the Plaintiff, D,
E, and F, being those persons or entities
who owned, operated, and/or managed the
subject store, whose real names are not yet
known but will be added when ascertained.

     Defendants.

Civil Action No.: CV-2020- _____

PLAINTIFF RESPECTFULLY
REQUESTS A TRIAL BY JURY

---

## COMPLAINT

---

Comes now Plaintiff and alleges against Defendants as follows:

1.     On or about June 25, 2018, Plaintiff Deborah Newburn was a customer/invitee of the Dollar General located at 7156B Airport Boulevard in Mobile County, Alabama. Said store was owned, operated, and/or managed by Defendants Dollar General Corporation, Dolgencorp, LLC, and/or Amanda Barron (collectively "the Dollar General Defendants").

2.     On said date, the Dollar General Defendants negligently/wantonly allowed a hazardous condition to exist on the subject premises.

3.     Said hazardous condition caused Plaintiff to slip and fall, injuring herself.

4.     The Dollar General Defendants had actual and/or constructive notice of the subject hazardous condition, or should have known of the same.

5.      As an actual and proximate result of the Dollar General Defendants' negligence and/or wantonness, Plaintiff was caused to suffer the following damages and injuries:

      a.      Past and future medical expenses;

      b.      Permanent injuries and/or disabilities;

      c.      Past and future pain, suffering, and mental anguish;

      d.      Past and future loss of the enjoyment of life;

      e.      Past and future lost earning capacity;

      f.      Past and future lost wages;

      g.      Others as proven.


WHEREFORE, premises considered, Plaintiff demands a jury render judgment against Defendants Dollar General Corporation, Dolgencorp, LLC, and/or Amanda Barron for compensatory and punitive damages in excess of the jurisdictional threshold of this Court, plus interest and costs.

      Respectively submitted,

      LONG & LONG, P.C.
      Attorneys for Plaintiff

      */s/ Samuel P. McClurkin, IV*
      SAMUEL P. MCCLURKIN, IV (MCC166)
      Post Office Box 2746
      Mobile, Alabama  36652
      (251) 432-4878
      mac@longandlong.com


**PLAINTIFF REQUESTS A TRIAL BY JURY**

**Defendants may be served via Certified Mail:**

Dollar General Corporation
100 Mission Ridge
Goodlettsville, Tennessee  37072

Dolgencorp, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama  36104

Amanda Barron
7156B Airport Boulevard
Mobile, Alabama

ELECTRONICALLY FILED
6/19/2020 2:54 PM
02-CV-2020-901299.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN,

     Plaintiff,

v.

DOLLAR GENERAL CORPORATION;
DOLGENCORP, LLC; AMANDA
BARRON; Fictitious parties A,B, and C,
being those persons or entities responsible
for the harms and losses of the Plaintiff, D,
E, and F, being those persons or entities
who owned, operated, and/or managed the
subject store, whose  real names are not yet
known but will be added when ascertained.


     Defendants.

Civil Action No.:  CV-2020- _____

PLAINTIFF RESPECTFULLY
REQUESTS A TRIAL BY JURY

---

### PLAINTIFF'S INTERROGATORIES  AND REQUESTS FOR PRODUCTION TO DEFENDANTS DOLLAR GENERAL CORPORATION and DOLGENCORP, LLC

Comes now Plaintiff and requests Defendants Dollar General Corporation and Dolgencorp, LLC respond to the following:

### INTERROGATORIES

1.    Please list the person's name who Defendant would designate as its 30(b)(6) corporate representative for the following issues:

        a.    Facility safety policies and procedures;

        b.    Day to day operations; and

        c.    Building/property maintenance and repair.

**RESPONSE:**

2.    Please list and identify each employee of the Defendant who has knowledge

concerning the incident made the basis of this suit, including all managers and/or supervisors who were on duty at the time of Plaintiff's accident. Please include in your answer the following:

      a.     The last known address of each employee;

      b.     The last known phone number of each employee.

**RESPONSE:**

3.     Please identify each person who was working at the Dollar General store at issue on February 19, 2019. Please include in your answer the following:

      a.     The last known address of each employee:

      b.     The last known phone number of each employee.

**RESPONSE:**

4.     Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**RESPONSE:**

5.     State specifically and describe in detail any investigation of Plaintiff's injuries and/or accident, and with regard to the same produce a copy of all statements taken in connection therewith and all photographs and/or videos of the accident scene. In addition, produce all incident reports or other documents and records relating to the investigation of the accident.

**RESPONSE:**

6.      Identify each and every individual who has or may have knowledge or information about any facts, events or circumstances relating in any way to the incident,  the allegations in the Complaint, Plaintiff's injuries and any defense asserted by you. As  to each individual, identify his or her full name, current or last known residence address,  current  or  last known  place  of  employment  and  job  title  or  position  at  said  place  of  employment, current and last known telephone number and the knowledge or information  which said individuals have or which you or your attorneys believe they may have.

**RESPONSE:**


7.      Identify each person who may have, or claims to have, seen or heard any of the parties  or  their  agents,  servants  or  employees  or  anyone  acting  on  their  behalf  make  any statements  pertaining  to  the  accident  referred  to  in  the  Complaint. Include in  your  answer anyone who claims to have seen or heard or had any communication or  contact with Plaintiff or any member of her family.


**RESPONSE:**


8.      Identify all current or former employees, managers, officers or directors of  your organization  most  knowledgeable  about  the  procedures,  guidelines,  instructions,  rules, protocol, policies and/or manner relevant to when the floors in Defendants stores  are to be inspected and cleaned.


**RESPONSE:**

3

9.      Set forth the procedures, guidelines, instructions, rules, protocol, policies, practices and/or manner relevant to when the floors in Defendant's stores are to be inspected and cleaned both on a regular basis and in situations where there has been a spill and/or leak and how this activity is to be carried out. Produce all documents and records relating to same.

**RESPONSE:**

10.      Please identify the person, firm, and/or corporation who was responsible for the monitoring, inspection, cleaning and/or maintenance of the inside of your store where Plaintiff was injured.

**RESPONSE:**

11.      Identify who was responsible for cleaning, maintaining and/or inspecting the floors inside your store at the time and place of Plaintiff's accident, and for the two (2) hour time period proceeding his accident.

**RESPONSE:**

12.      Please state whether you had any warning signs posted at the time of Plaintiff's injury in the vicinity where Plaintiff fell.

**RESPONSE:**


13.     If you contend that warning signs were posted, please state the substance  and location of each sign.


**RESPONSE:**


14.     Please identify each expert that you plan on having testify at the trial of this  cause, including any and all medical experts. Additionally, please give a summary of the  opinions which you expect each expert to testify at trial in compliance with Rule 26 and  state in detail each and every fact upon which said expert reviewed prior to forming said  opinions.


**RESPONSE:**


15.     Please state in detail each and every fact known to you or made known to  you through third parties concerning how the incident made the basis of this suit occurred  and identify each said person.


**RESPONSE:**


16.     If you contend that the Plaintiff was contributorily negligent, please state  each and every fact upon which you rely in support of said contention.


**RESPONSE:**

17.    If you contend that the Plaintiff assumed the risk of his injuries, please state  each and every fact upon which you rely in support of said contention.


**RESPONSE:**


18.    If you contend that the hazard which caused the Plaintiff to fall was open and obvious, then please state each and every fact upon which you rely.


**RESPONSE:**


19.    Please state in detail your knowledge, as well as each and every employee's knowledge concerning the condition of the area upon which the Plaintiff fell. Additionally,  please identify each person who had knowledge concerning the condition of the area prior  to the Plaintiff's fall, and how long said area was in that condition prior to the Plaintiff's fall.


**RESPONSE:**


20.    Please set forth when the floors at the time and place of Plaintiff's incident  were last inspected prior to Plaintiff's incident, and identify who performed said inspection and produce all documents and records relating to same.


**RESPONSE:**

21.     Please state precisely and descriptively the location in your store where  the incident made the basis of this suit occurred.

**RESPONSE:**

22.     For all documents withheld from identification and/or production based on  any privilege or other objection to any of the Plaintiff's discovery served in this lawsuit,  describe said document with particularity (i.e. give a description of the document, state  when the document was generated, and state the subject matter of the document).

**RESPONSE:**

23.     Have any photographs and/or videotapes been taken of the scene of the  accident, the condition of the floors involved, or the injuries sustained by the Plaintiff? If  so, please state the date all such photographs and/or videotapes were taken and state the  name, address, job position and employer of the person who presently has possession  and/or control of all such photographs and/or videotapes. Please produce a copy of any  such photographs or videotapes.

**RESPONSE:**

24.     Please state the name, address and telephone number of any other  individual who has been injured in the same or similar manner as Deborah Newburn,  within the last five (5) years, where a person sustained personal injury due to slipping and  falling on the floors in any of

7

the Dollar General locations in Alabama, where something has been spilled, dropped, leaked or placed on the floors and the floors needed to be inspected and/or cleaned. Please include in your answer the following:

     a.    The name and address of the injured person;

     b.    The date of each accident;

     c.    The exact location of each accident;

     d.    A complete description of the area involved;

     e.    Injuries sustained by the injured party;

     f.    How the accident occurred;

     g.    The name and address of the attorney representing the injured party;

     h.    The court where any suit for such personal injury was filed (including the style of the case and case number), and

     i.    The outcome of said suit or claim.

**RESPONSE:**

25.    State the name, address and job title of all persons answering or assisting in answering these discovery requests and any subparts thereof.

**RESPONSE:**

## REQUEST FOR PRODUCTION

1. Please provide full and complete copies of any and all books, pamphlets, brochures, memoranda, correspondence, films, videotapes, drawings, sketches, or any other material of any description whatsoever, which in any way relate to safety rules, practices proper procedures, etc., applicable to maintaining your facilities, in a safe condition that were in effect on the date of the incident made the basis of this suit.

2. Produce all documents and records that reflect, refer or relate to the accident referred to in the Complaint.

3. Produce all documents, records and files, including hard copies of all computer stored information, which reflect, refer or relate to Plaintiff, the accident, any investigation of the accident, any of the allegations in the Complaint and Plaintiff's injuries.

4. Produce all documents and records which reflect, refer or relate to communications or correspondence by and between you and any of your present or former employees, on the one hand, and any other third party, person or entity, on the other hand, which reflect, refer or relate to any of the following:

        a.    Any of the matters alleged in the Complaint;

        b.    Any discussions or communications with Plaintiff or her family members or anyone you contend was acting on behalf of Plaintiff;

        c.    The accident;

        d.    Plaintiff's injuries;

        e.    The condition of the floor at the time and place of Plaintiff's accident;

      f.      Any safety rules, recommendations, policies, procedures and/or guidelines relevant to when floors should be inspected both on a regular basis and when there has been a spill and/or leak and how this activity is to be carried out;

5.      Produce all documents which reflect, refer or relate to the guidelines, rules, instructions, policies, procedures, regulations, protocols, "do's and don'ts" or the like relating to maintenance, inspection and/or cleaning of the floors in Defendant's store in use at the time of Plaintiff's incident, both on a regular basis and in situations a fall has taken place and how this activity is to be carried out.

6.      Produce all documents, records, reports, logs, summaries, charts or the like which show how often the floors in question were inspected, cleaned and/or maintained beginning June 1, 2018, up to and through June 25, 2018 , the day of Plaintiff's incident.

7.      Please provide full and complete copies of any and all safety rules, regulations and/or manuals compiled by the Defendants which were in effect and applicable to maintaining your facilities, including, but not limited to, the floors inside your store, in a safe condition on the date of the accident made the basis of this suit.

8.      Please provide full and complete copies of all first reports of injury, investigation reports, photographs, statements (whether such statements be written,

recorded, recorded and not transcribed, etc.) in the possession of the Defendants or under the

Defendants' control which in any way relate to the accident made the basis of this suit.

9.      Please provide copies of any service and/or maintenance logs as they relate to

repairs, maintenance and/or inspections of Defendants' store beginning on January 1, 2018

through the date of the accident made the basis of this suit.

10.     Please provide full and complete copies of any and all statements given by the

Plaintiff, Deborah Newburn, to the Defendants or to anyone acting on behalf of the

Defendants.

11.     Please provide a copy of any and all incident/accident reports generated as a result

of Plaintiff's accident.

12.     Produce all photographs and videos, including in-store videos, which reflect,

refer and/or relate to the areas of the store where Plaintiff was injured beginning four hours prior

to her accident and concluding one hour after her accident.

13.     Please provide color copies of any and all photographs and/or videotapes taken

of the area where the accident made the basis of this suit occurred.

14.     Please provide copies of any photographs or videotapes depicting the

Plaintiff, Deborah Newburn.

15.     Please provide copies of any photographs or videotapes of the incident made

the basis of this lawsuit.

16.     To the extent you contend the Plaintiff was contributorily negligent, please

provide any and all documents or materials of any type whatsoever that support or relate in any

way to this allegation and/or defense.

11

17.     Please provide any and all contracts of insurance which in any way provide insurance coverage for the events made basis of this lawsuit.


LONG & LONG, P.C.
Attorneys for Plaintiff

*/s/ Samuel P. McClurkin, IV*
SAMUEL P. MCCLURKIN, IV (MCC166)
Post Office Box 2746
Mobile, Alabama  36652
(251) 432-4878
mac@longandlong.com


**TO BE SERVED WITH THE COMPLAINT**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2020-901299.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### DEBORAH NEWBURN V. AMANDA BARRON ET AL

**NOTICE TO:** AMANDA BARRON, 7156B AIRPORT BOULEVARD, MOBILE, AL 36608

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), SAMUEL P MCCLURKIN IV                                                                                                 ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: PO Box 2746, Mobile, AL 36652                                                                              .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                        *(Name(s))*

| 06/15/2020 | /s/ JOJO SCHWARZAUER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

---

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)* ___ *(Name of County)*

Alabama on _____ .

*(Date)*

_____   _____   _____

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____   _____

*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2020-901299.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### DEBORAH NEWBURN V. AMANDA BARRON ET AL

**NOTICE TO:** DOLLAR GENERAL CORPORATION, 100 MISSION RIDGE, GOODLETTSVILLE, TN 37072

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), SAMUEL P MCCLURKIN IV ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO Box 2746, Mobile, AL 36652 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEBORAH NEWBURN pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/15/2020 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ SAMUEL P MCCLURKIN IV

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2020-901299.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### DEBORAH NEWBURN V. AMANDA BARRON ET AL

**NOTICE TO:** DOLGENCORP, LLC, C/O CORP SERVICE CO., INC 641 S LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
SAMUEL P MCCLURKIN IV                                                                                             ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO Box 2746, Mobile, AL 36652                                                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEBORAH NEWBURN
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 06/15/2020 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ SAMUEL P MCCLURKIN IV

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
6/18/2020 12:26 PM
02-CV-2020-901299.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | C |
| --- | --- | --- |

02-CV-2020-901299.00

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### DEBORAH NEWBURN V. AMANDA BARRON ET AL

**NOTICE TO:** AMANDA BARRON, 7156B AIRPORT BOULEVARD, MOBILE, AL 36608

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), SAMUEL P MCCLURKIN IV

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO Box 2746, Mobile, AL 36652

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 06/15/2020 | /s/ JOJO SCHWARZAUER | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

Amanda Barron (c/o on-duty manager) in Mobile County,

*(Name of Person Served)*          *(Name of County)*

Alabama on June 15, 2020 .

*(Date)*

Attorney                                                    301 St. Louis Street
_____                                          *(Address of Server)*
*(Type of Process Server)*     *(Server's Signature)*
                                                          Mobile, AL 36602
                              Samuel P. McClurkin, IV      (251) 445-6000
                              *(Server's Printed Name)*    *(Phone Number of Server)*

**UNITED STATES POSTAL SERVICE**

June 18, 2020

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 02-CV-2020-901299.00 | Intended Recipient: |
| Document Type: Complaint | DOLGENCORP, LLC  (D003) |
| Restricted Delivery Requested: No | C/O CORP SERVICE CO., INC |
| | 641 S LAWRENCE STREET |
| | MONTGOMERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2000 0670 45**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | June 18, 2020, 11:57 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
|---|---|
| **Weight:** | 4.0oz |

## Recipient Signature

Signature of Recipient: *KW C-19*

Address of Recipient: *641 S Law*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:   MCCLURKIN SAMUEL PRESTON
mac@longandlong.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/18/2020

**D003 DOLGENCORP, LLC**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:   BARRON AMANDA (PRO SE)
      7156B AIRPORT BOULEVARD
      MOBILE, AL, 36608-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/18/2020

**D003 DOLGENCORP, LLC**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:  DOLLAR GENERAL CORPORATION (PRO SE)
100 MISSION RIDGE
GOODLETTSVILLE, TN, 37072-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/18/2020

**D003 DOLGENCORP, LLC**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:   DOLGENCORP, LLC (PRO SE)
C/O CORP SERVICE CO., INC
641 S LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/18/2020

**D003 DOLGENCORP, LLC**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**UNITED STATES POSTAL SERVICE**

June 19, 2020

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 02-CV-2020-901299.00 | Intended Recipient: |
| Document Type: Complaint | DOLLAR GENERAL CORPORATION (D002) |
| Restricted Delivery Requested: No | 100 MISSION RIDGE |
| | GOODLETTSVILLE, TN 37072 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2000 0670 38**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | June 19, 2020, 7:14 am |
| **Location:** | GOODLETTSVILLE, TN 37072 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
|---|---|
| **Weight:** | 4.0oz |

## Recipient Signature

Signature of Recipient:

Ashley M Byszkowski

Address of Recipient:

Dollar General

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:  MCCLURKIN SAMUEL PRESTON
mac@longandlong.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/19/2020

**D002 DOLLAR GENERAL CORPORATION**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:  BARRON AMANDA (PRO SE)
     7156B AIRPORT BOULEVARD
     MOBILE, AL, 36608-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/19/2020

**D002 DOLLAR GENERAL CORPORATION**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:  DOLLAR GENERAL CORPORATION (PRO SE)
100 MISSION RIDGE
GOODLETTSVILLE, TN, 37072-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/19/2020

**D002 DOLLAR GENERAL CORPORATION**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:   DOLGENCORP, LLC (PRO SE)
      C/O CORP SERVICE CO., INC
      641 S LAWRENCE STREET
      MONTGOMERY, AL, 36104-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/19/2020

**D002 DOLLAR GENERAL CORPORATION**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
6/18/2020 12:26 PM
02-CV-2020-901299.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama | **SUMMONS** | C | 02-CV-2020-901299.00 |
| Unified Judicial System | - CIVIL - | | |
| Form C-34  Rev. 4/2017 | | | |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### DEBORAH NEWBURN V. AMANDA BARRON ET AL

**NOTICE TO:** AMANDA BARRON, 7156B AIRPORT BOULEVARD, MOBILE, AL 36608

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), SAMUEL P MCCLURKIN IV

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO Box 2746, Mobile, AL 36652

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                              *[Name(s)]*

| 06/15/2020 | /s/ JOJO SCHWARZAUER | By: _____ |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

Amanda Barron (c/o  on-duty manager)   in   Mobile _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on   June 15, 2020 _____.

*(Date)*

Attorney _____

*(Type of Process Server)*

*(Server's Signature)*

Samuel P. McClurkin, IV

*(Server's Printed Name)*

301 St. Louis Street

*(Address of Server)*

Mobile, AL 36602

(251) 445-6000

*(Phone Number of Server)*



**AlaFile E-Notice**

02-CV-2020-901299.00

To:  SAMUEL P MCCLURKIN IV
      mac@longandlong.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following RETURN ON SERVICE - SERVED was FILED on 6/18/2020 12:26:40
PM

Notice Date:      6/18/2020 12:26:40 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-901299.00

Judge: BEN H. BROOKS

To:   MCCLURKIN SAMUEL PRESTON
      mac@longandlong.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following matter was served on 6/15/2020

**D001 BARRON AMANDA**
**Corresponding To**
PROCESS SERVED

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| _____ | * | |
| _____ | * | |
| Plaintiff(s) | * | |
| vs. | * | CIVIL ACTION NO. _____ |
| _____ | * | DATE COMPLAINT FILED _____ |
| _____ | * | |
| Defendant(s) | * | |

ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)     The date the complaint was filed;

(2)    That the issues in the case have been defined and joined;

(3)    That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)    That a jury trial has or has not been demanded;

(5)    The expected length of the trial expressed in hours and/or days;

(6)    A brief description of the plaintiff's claim;

(7)    The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)    That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)    That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)   That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.    EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.    Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.    Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.    Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.    DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.    If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.    Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.    The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.    DAMAGES

a.    All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.    Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.    AGENCY-TIME AND PLACE-DUTY

a.    Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.   **EXPERTS**

a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.   **JURY INSTRUCTIONS**

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.   **JURY SELECTION**

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.   **DUTY TO SUPPLEMENT DISCOVERY**

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.   **MOTIONS GENERALLY**

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.   **CONFLICTS**

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, John R. Luckett



AlaFile E-Notice

02-CV-2020-901299.00

To:   CAROLINE THOMASON PRYOR
cpryor@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following answer was FILED on 7/14/2020 3:47:22 PM

Notice Date:     7/14/2020 3:47:22 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

DOCUMENT 15

ELECTRONICALLY FILED
7/14/2020 3:47 PM
02-CV-2020-901299.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **DEBORAH NEWBURN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )     **Case No. CV-2020-901299** |
| **DOLLAR GENERAL CORPORATION;** | ) |
| **DOLGENCORP, LLC;** | ) |
| **AMANDA BARRON;** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER

COME NOW the Defendants, DOLGENCORP, LLC, DOLLAR GENERAL CORPORATION and AMANDA BARRON and pursuant to the *Alabama Rules of Civil Procedure* respond to Plaintiff's Complaint as follows:

1.      Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and demand strict proof thereof.

2.      Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and demand strict proof thereof.

3.      Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

4.      Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint and demand strict proof thereof.

5.      Defendants deny the allegations contained in Paragraph 5, including subparagraphs a.- g., of Plaintiff's Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim for relief which can be granted.

2.      To the extent not otherwise admitted to herein, Defendants deny all material allegations of Plaintiff's Complaint and demand strict proof thereof.

3.      Defendants deny the existence of a defect.

4.      No act or omission of Defendants caused Plaintiff's injury or damages.

5.      Dollar General Corporation and Amanda Barron are not proper parties to this suit.

6.      Defendants plead open and obvious condition.

7.      Defendants plead contributory negligence.

8.      Defendants plead assumption of the risk.

9.      Defendants plead lack of notice.

10.     Defendants plead failure to mitigate.

11.     Defendants plead intervening and superseding cause.

12.     Defendants did not breach any duty owed to the Plaintiff.

13.     Defendants plead all applicable statutes of limitations.

14.     To the extent that the Plaintiff's Complaint demands punitive damages and such damages might or could be awarded against Defendants in this action, the award of punitive damages under Alabama Law and procedure violates the 4th, 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States and § 1, 6, 10, 13, 15, and 22 of Article I of the Alabama Constitution of 1901, on the following separate and several grounds:

(a)     The standard governing when punitive damages may be awarded against a defendant in a civil action in Alabama violates the Due Process Clause of the 14th Amendment of the United States Constitution and Article I of the Alabama Constitution;

(b)     The award of punitive damages under the law of Alabama in a civil action violates the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(c)     The award of punitive damages under Alabama law against a civil defendant, without providing to that defendant all of the protections guaranteed to a person accused of a crime, violates the Due Process Clause of the 14th Amendment and the requirements of the 5th and 6th Amendments of the Constitution of the United States;

(d)     The award of punitive damages under Alabama law against a defendant for the wrongdoing of another person violates the Due Process Clause of the 14th Amendment of the Constitution of the United States;

(e)     The award of punitive damages against a principal for the misconduct of an agent violates the due process clause of the 14th Amendment and constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution;

(f)     The award of punitive damages in Alabama under any standard of proof less stringent than "beyond a reasonable doubt" violates both the Due Process Clause of the 14th Amendment and the prohibition against cruel and unusual punishment in the 8th Amendment of the Constitution of the United States;

(g)     The Alabama standards defining wanton conduct are impermissibly vague and the award of punitive damages based upon a claim of wantonness under Alabama law violates the Due Process Clause of the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(h)     The award of punitive damages under Alabama law violates the Excessive Fines Clause of the 8th Amendment to the United States Constitution and the Excessive Fines Clause of the Alabama Constitution;

(i)     The award of punitive damages as claimed by the Plaintiff would violate the Defendant's rights to substantive and procedural due process of law;

(j)     The award of punitive damages based upon the evil intent of another, who was acting in an unauthorized or unratified manner, violates the Due Process Clause of the 14th Amendment and the Equal Protection Clause of the same Amendment;

(k)     The procedures currently followed in Alabama fail to provide the means for awarding separate judgments against joint tortfeasors;

(l)     The current procedures under Alabama law permit the multiple awards of punitive damages for the same alleged act;

(m)     Alabama law allows the award and imposition of punitive damages without requiring proof beyond a reasonable doubt that the Defendants intended to cause the Plaintiff's injuries;

(n)     The procedures and standards in Alabama do not adequately direct and limit the jury's discretion in awarding punitive damages in a civil action;

(o)     The procedures and standards in Alabama do not adequately direct and limit the trial court's discretion in reviewing the award and amount of punitive damages in a civil action;

(p)     Alabama law does not provide a clear and consistent appellate standard of review of an award of punitive damages; and the review of punitive awards by the Alabama Supreme Court does not remedy the defects in the award of punitive

damages under Alabama law and does not protect civil defendants from arbitrary, unreasonable, and standardless punitive awards;

(q)    The procedures allowed and authorized under Alabama law permit the admission of evidence relative to the amount of punitive damages in the same proceeding during which liability and compensatory damages are determined, without a bifurcation of the trial into a separate liability phase and a punitive damage phase, and this practice deprives defendants of procedural and substantive due process of law under the Due Process Clause of the 14th Amendment of the United States Constitution;

(r)    The existing Alabama practice which allows the award of punitive damages against multiple defendants without apportionment of said damages based upon the culpability of each defendant deprives the defendant of equal protection of the law guaranteed under the 14th Amendment of the United States Constitution and deprives the defendant of due process of the law guaranteed under the same Amendment of the United States Constitution.

15.    Defendants reserve the right to amend or supplement their answers hereto, including any and all affirmative defenses.

**DEFENDANTS DEMAND A TRIAL BY STRUCK JURY.**

_/s/ Caroline T. Pryor_
CAROLINE T. PRYOR (PRY005)
ZACHARY R. WEAVER (WEA034)
Attorneys for Defendants

**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
cpryor@carrallison.com
zweaver@carrallison.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of July, 2020, I electronically filed the foregoing pleading with the clerk's office using the Alafile system which will send notification of such filing to the following counsel of record:

SAMUEL P. MCCLURKIN, IV
LONG & LONG, P.C.
Post Office Box 2746
Mobile, Alabama 36652
mac@longandlong.com

And a copy will be sent to the following by U.S. mail:

Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130

*/s/ Caroline T. Pryor*
OF COUNSEL



AlaFile E-Notice

02-CV-2020-901299.00

To:   PRYOR CAROLINE THOMASON
      cpryor@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following NOTICE OF APPEARANCE was FILED on 7/24/2020 3:27:01 PM

Notice Date:     7/24/2020 3:27:01 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
7/24/2020 3:25 PM
02-CV-2020-901299.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **DEBORAH NEWBURN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **Case No. CV-2020-901299** |
| **DOLLAR GENERAL CORPORATION;** | ) |
| **DOLGENCORP, LLC;** | ) |
| **AMANDA BARRON;** | ) |
| | ) |
| **Defendants.** | ) |

---

### NOTICE OF APPEARANCE

---

COMES NOW Zachary R. Weaver of the law firm Carr Allison and files this Notice of Appearance as additional counsel for the Defendants, DOLGENCORP, LLC, DOLLAR GENERAL CORPORATION and AMANDA BARRON.


*/s/ Zachary R. Weaver*
CAROLINE T. PRYOR (PRY005)
ZACHARY R. WEAVER (WEA034)
Attorneys for Defendants


**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
cpryor@carrallison.com
zweaver@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2020, I electronically filed the foregoing pleading with the clerk's office using the Alafile system which will send notification of such filing to the following counsel of record:

SAMUEL P. MCCLURKIN, IV
LONG & LONG, P.C.
Post Office Box 2746
Mobile, Alabama 36652
mac@longandlong.com

Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130


*/s/ Zachary R. Weaver*_____
OF COUNSEL



AlaFile E-Notice

02-CV-2020-901299.00

To:  CAROLINE THOMASON PRYOR
     cpryor@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following discovery was FILED on 8/24/2020 1:59:16 PM

Notice Date:     8/24/2020 1:59:16 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
8/24/2020 1:59 PM
02-CV-2020-901299.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **DEBORAH NEWBURN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. CV-2020-901299** |
| **DOLLAR GENERAL CORPORATION;** | ) |
| **DOLGENCORP, LLC;** | ) |
| **AMANDA BARRON;** | ) |
| | ) |
| **Defendants.** | ) |

---

## NOTICE OF FILING

---

Defendants give notice of filing the following:

1.      Defendants' Request for Admission to Plaintiff.

2.      Defendants' Interrogatories to Plaintiff.

3.      Defendants' Request for Production of Documents to Plaintiff.

Said discovery is being served on Plaintiff via email and/or U.S. Mail.

Done this the 24th day of August, 2020.


_/s/ Caroline T. Pryor_
CAROLINE T. PRYOR (PRY005)
ZACHARY R. WEAVER (WEA034)
Attorneys for Defendants


**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
cpryor@carrallison.com
zweaver@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of August, 2020, I electronically filed the foregoing pleading with the clerk's office using the Alafile system which will send notification of such filing to the following counsel of record:

SAMUEL P. MCCLURKIN, IV
LONG & LONG, P.C.
Post Office Box 2746
Mobile, Alabama 36652
mac@longandlong.com

And a copy will be sent to the following by U.S. mail:

Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130

*/s/ Caroline T. Pryor*
OF COUNSEL



AlaFile E-Notice

02-CV-2020-901299.00

To:   PRYOR CAROLINE THOMASON
      cpryor@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBORAH NEWBURN V. AMANDA BARRON ET AL
02-CV-2020-901299.00

The following discovery was FILED on 8/26/2020 4:21:43 PM

Notice Date:      8/26/2020 4:21:43 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
8/26/2020 4:21 PM
02-CV-2020-901299.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| DEBORAH NEWBURN, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    **Case No. CV-2020-901299** |
| DOLLAR GENERAL CORPORATION; | ) |
| DOLGENCORP, LLC; | ) |
| AMANDA BARRON; | ) |
| | ) |
|     Defendants. | ) |

## NOTICE OF FILING

Comes now Plaintiff and notifies the Court of the following filing:

1.  Plaintiff's response to Defendants' Request for Admission.


Respectfully submitted,
LONG & LONG, P.C.
Attorneys for Plaintiffs

*/s/ Samuel P. McClurkin, IV*
 SAMUEL P. MCCLURKIN, IV (MCC166)
Post Office Box 2746
Mobile, Alabama  36652
(251) 432-4878
mac@longandlong.com


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 26th day of August, 2020, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

Caroline T. Pryor, Esquire
Zachary R. Weaver, Esquire
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
cpryor@carrallison.com

zweaver@carrallison.com


Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130


*/s/ Samuel P. McClurkin, IV*
SAMUEL P. McCLURKIN, IV